The bill was for separate maintenance. The charges were extreme cruelty and the case was contested. The complainant succeeded and, upon a report by a master as to the amount of support, a decree was entered November 7th, 1928, awarding $6,000 annually ($115.37 weekly), $1,500 counsel fee and to the master $500. October 30th, 1929, the defendant petitioned for a reduction of the alimony. The master, to whom it was referred, reported that $75 weekly was a fair sum and that amount was ordered, July 1st, 1930, as of the date of the petition. It was also ordered that the defendant pay complainant's counsel $2,000 and costs and the master a special allowance of $500 besides his taxed costs. The appeal is from the allowances. The amounts are not questioned.
Counsel's contention is, that having succeeded in his motion his client should not have been visited with the costs. In ordinary actions that would be sound, but in matrimonial causes the husband is called upon to provide the wife with counsel to prosecute as well as defend her matrimonial rights as well after as before the decree. The allowance to counsel was not a fee on the motion, but to compensate him for twenty months (November 7th, 1928, to July 1st, 1930) of effort in compelling the defendant to comply with the decree for alimony. Three times he had to resort to proceeding for contempt, another time to sequestration and once to a writ of ne exeat. After the first warrant for the defendant's arrest issued and a writ of sequestration for $4,441.14 arrearages was levied on his property, he petitioned for a reduction of alimony, and upon purging himself of contempt by paying the arrearage, the matter was referred to a master. He held three lengthy hearings, so he reports, and then the parties came to settlement: the defendant to set over to his wife *Page 90 
certain bonds and mortgages and cash, approximately $40,000, transfer to her a piece of real estate and pay her $20 a week alimony; the wife to surrender her right in his real estate and transfer to him her interest in a $6,000 mortgage. The master reported the settlement and the court approved it by a consent order, January 28th, 1930, in which an allowance was made to complainant's counsel of $1,900 ($1,400 of which the complainant was to pay) and to the master $1,000 which the defendant was to pay. These amounts were agreed upon by the parties as fair compensation as of that time. In proceeding to attach him for contempt for his failure to comply with the order approving the settlement, the defendant set up that he could not produce the bonds and mortgages and that he was disappointed in raising the cash. Later, upon petition and order to show cause, the order approving the settlement was vacated and the master was directed to continue the hearing on the motion to reduce the alimony, which resulted in his report of $75 a week.
The story is quickly told, but the bulky files tell the tale of nearly two years of vigilant and constant pressure by counsel to bring the defendant, ever evasive and persistently contumacious, to book. It was for these services that counsel applied for compensation at the time of the motion to confirm the master's report, and these services the court had in mind, not in detail of course, but it knew from its protracted experiences with the litigation when it made the allowance. It would perhaps have avoided confusion had the allowance been made by separate order, but adding the allowance for counsel to an order for alimony is common practice.
The special master's allowances. It must be conceded that they were earned. Counsel had agreed upon $1,000 as just compensation up to his first report. After the matter was referred, the master performed additional services. For the total services the court allowed less than had been agreed upon for part of them. The statutory warrant for the allowance is to be found in section 80 of the Chancery act. Comp. Stat. p. 440. *Page 91